FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 27 2010

JAMES W. McCORMACK, CLERK

By: _____

DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

JEANNIE BURLSWORTH, and
TODD SHARP, on behalf
of themselves and others similarly situated                    **PLAINTIFFS**

VS.                         CASE NO. ___4:10-CV-0258SWW___

ERIC H. HOLDER, JR., in his official
capacity as Attorney General of the United
States; UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES;
KATHLEEN SEBELIUS, in her official
capacity as the Secretary of the United States
Department of Health and Human Services;
UNITED STATES DEPARTMENT OF
THE TREASURY; TIMOTHY F.
GEITHNER, in his official capacity as the
Secretary of the United States Department
of the Treasury; UNITED STATES
DEPARTMENT OF  LABOR; and HILDA
L. SOLIS, in her official capacity as Secretary
of the United States Department of Labor                        **DEFENDANTS**

This case assigned to District Judge *Wright*
and to Magistrate Judge *Young*

## CLASS ACTION
## PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW the Plaintiffs, Jeannie Burslworth and Todd Sharp, by and through their

attorneys, the Stewart Law Firm, on behalf of themselves and all others similarly situated, and

allege, based on personal knowledge, all matters pertaining to themselves and upon information

and belief as to all other matters, as follows:

1

## PARTIES

1.      Jeannie Burlsworth is a citizen of the State of Arkansas, residing in Little Rock, Arkansas within the jurisdiction of this Court. Plaintiff is a representative of the Plaintiff class in this action.

2.      Todd Sharp is a citizen of the State of Arkansas, residing in Little Rock, Arkansas within the jurisdiction of this Court. Plaintiff is a representative of the Plaintiff class in this action.

3.      Eric H. Holder, Jr. is currently the Attorney General of the United States. In his official capacity, the Attorney General is the chief federal official responsible for the enforcement of all federal statutes in accordance with the Constitution of the United States of America.

4.      United States Department of Health & Human Services ("HSS") is an agency of the United States and is responsible for administration and enforcement of the Act, through its center for Medicare Services.

5.      Kathleen Sebelius is Secretary of HSS and is named as a party in her official capacity.

6.      United States Department of Treasury ("Treasury") is an agency of the United States and is responsible for administration and enforcement of the Act.

7.      Timothy F. Geithner is Secretary of the Treasury and is named as a party in his official capacity.

8.      United States Department of Labor ("DOL") is an agency of the United States and is responsible for administration and enforcement of the Act.

9.      Hilda L. Solis is Secretary of DOL and is named as a party in her official

capacity.

## JURISDICTION AND VENUE

10.     The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(3) because no real property is involved, the district is situated in Arkansas, and the defendants are agencies of the United States or officers thereof acting in their official capacity.

## FACTS

12.     This is an individual action and a statewide class action for declaratory and injunctive relief pursuant to 28 U.S.C. §§2201-2202 and Fed. R. Civ. P. Rule 57 and for review of agency action pursuant to 5 U.S.C. §§ 701-706. It seeks a determination that certain provisions of the "Patient Protection and Affordable Care Act," H.R. 3590, hereafter, ("the Act"), as applied to Plaintiffs, violate the United States Constitution by mandating American citizens to purchase health insurance.

13.     On March 23, 2010, a new universal healthcare bill, titled the "Patient Protection and Affordable Care Act," H.R. 3590, was signed into law. The Act, which exceeds 2,400 pages, is available at http://frwebgate.access.gpo.gov/cgi-bin/getdoc.cgi?dbname=111_cong_bills&docid=f:h3590pp.txt.pdf (accessed April 26, 2010).

14.     The Act violates the constitutional rights and liberties of individuals living in Arkansas, by mandating that all citizens and legal residents of the United States have heath insurance coverage or pay a tax or penalty. The Constitution does not authorize the Untied States to mandate, either directly or under threat of penalty, that all citizens and legal residents have qualifying healthcare coverage. Therefore, Act exceeds the powers of the United States

under Article I of the Constitution, the Commerce Clause and violates the Tenth Amendment of the United States Constitution.

15.    In addition, the tax penalty required under the Act, which must be paid by uninsured citizens and residents, constitutes an unlawful capitation or direct tax, in violation of Article I, sections 2 and 9 of the Constitution of the United States.

16.    Most Arkansas citizens, including Plaintiffs, will be required to be insured or pay a fine. The mandate under the Act takes effect in the year 2014. This "personal responsibility" provision of the Act commands all individuals to enter into a contractual relationship with a private insurance company.

17.    If an applicable individual fails to meet the requirements of the Act for one or more months during any calendar year beginning after 2013 then there will be imposed a penalty to the individual in the amount determined under Act.

18.    The Constitution does not grant Congress the power to mandate that an individual enter into a contract with a private party or purchase a good or service.

19.    The Act is not within the commerce power of Congress and thus, the Act violates the Commerce Clause of the Constitution.

20.    The Act is intended to regulate inactivity under the Commerce Clause. The individual mandate provision in the Act regulates the absence of action. An individual's entrance or failure to enter into a contract for health insurance is not an activity that is "economic" in nature or part of a "class of activity" that "substantially affects interstate commerce."

21.    The commerce power has never been used to require a person to affirmatively engage in economic activity. The Act is simply a regulation of a "class of inactivity."

22.    A mandate to enter into a contract with an insurance company would be the first

use of the Commerce Clause to universally mandate an activity by all citizens of the United States.

23.     Congress lacks the power under the Commerce Clause to punish citizens for their refusal to engage in the activity of purchasing health insurance.

24.     Plaintiffs seek class action certification, declaratory and injunctive relief against the Act's operation, and to protect their individual freedoms and liberties.

25.     Since the Act is unconstitutional the Plaintiffs have no intention to obey it.

26.     The Plaintiffs have standing and this matter is now ripe for this honorable Court.

27.     There are threatened injuries to Plaintiffs.   The Plaintiffs must plan for, invest, save and exhaust personal resources to prepare for the expense of purchasing healthcare insurance or, in the alternative, to pay a significant monetary penalty for disobeying the Act's individual mandate.

28.     The questions presented are purely legal. Plaintiffs are requesting an adjudication of their rights, duties and obligations under the Act before their injuries are fully and finally realized.

## CAUSES OF ACTION

### COUNT ONE
### UNCONSTITUTIONAL EXERCISE OF FEDERAL POWER AND VIOLATION OF THE TENTH AMENDMENT
### (Const. art. I & amend. X)

29.     Plaintiffs reallege, adopt, and incorporate by reference paragraphs 1 through 28 above as though fully set forth herein.

30.     The Act exceeds Congress' powers under Article I of the Constitution of the United States, and cannot be upheld under the Commerce Clause, Const. art. I, § 8; the Taxing and Spending Clause, *Id*: or any other provision of the Constitution.

5

31.     As citizens of the State of Arkansas the Act deprives them of their sovereignty and their right to be a member of a republican form of government, in violation of Article IV, section 4 of the Constitution of the United States.

32.     The Act violates the Tenth Amendment of the Constitution of the United States, and runs afoul of the Constitution's principle of federalism.

WHEREFORE, Plaintiffs respectively request that the Court:

A.      Declare the Patient Protection and Affordable Care Act to be in violation of Article I of and the Tenth Amendment to the Constitution of the United States; and,

B.      Enjoin Defendants and any other agency or employee acting on behalf of the United States from enforcing the Act against the Plaintiffs, and to take such actions as are necessary and proper to remedy their violations deriving from any such actual or attempted enforcement.

## COUNT TWO
## VIOLATION OF CONSTITUTIONAL PROHIBITION OF UNAPPORTIONED CAPITATION OR DIRECT TAX
### (Const. art. I, §§ 2, 9)

33.     Plaintiffs reallege, adopt, and incorporate by reference paragraphs 1 through 32 above as though fully set forth herein.

34.     The tax penalty on uninsured persons under the Act constitutes a capitation and a direct tax that is not apportioned among the states according to census data, that thereby injuring the sovereign interest of Plaintiffs.

35.     Said tax penalty applies without regard to property, profession, or any other circumstance, and is unrelated to any taxable even or activity. It is to be levied upon persons for their failure or refusal to do anything other than to exist and reside in the United States.

36.     Said tax penalty violates Article I, sections 2 and 9 of the Constitution of the

6

United States.

WHEREFORE, The Plaintiffs respectfully request that the Court:

A.     Declare the Patient Protection and Affordable Care Act to be in violation of Article I, sections 2 and 9 of the Constitution of the United States; and,

B.     Enjoin Defendants and any other agency or employee acting on behalf of the United States from enforcing the Act against the Plaintiffs, and to take such actions as are necessary and proper to remedy their violations deriving from any such actual or attempted enforcement.

**COUNT THREE**
**UNCONSTITUTIONAL MANDATE THAT ALL INDIVIDUALS**
**HAVE HEALTH INSURANCE COVERAGE OR PAY TAX PENALY**
**(Const. art. I & amend. X)**

37.     Plaintiffs reallege, adopt, and incorporate by reference paragraphs 1 through 36 above as fully set forth herein.

38.     The Act forces the Plaintiff to have healthcare coverage or pay a tax penalty. The Act forces the Plaintiffs to perform an affirmative act or incur a penalty, simply on the basis that they exist and reside in the United States.

39.     The Act is directed to a lack of or failure to engage in activity. Such inactivity by its nature cannot be deemed to be in commerce or to have any substantial effect on commerce, whether interstate or otherwise. As a result, the Act cannot be upheld under the Commerce Clause, Const. art. I, § 8.

40.     The tax penalty on uninsured persons under the Act unlawfully coerces persons to obtain healthcare coverage, thereby injuring the Plaintiffs.

41.     The forcing of Arkansas citizens and residents to have healthcare coverage, the Act exceeds Congress's powers under Article I of the Constitution of the United States, and

cannot be upheld under any provision of the Constitution.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.     Declare the Patient Protection and Affordable Care Act to be in violation of Article I, section d of and the Tenth Amendment to the Constitution of the United States;

B.     Declare Defendants to have violated the Plaintiffs constitutional rights; and,

C.     Enjoin Defendants and any other agency or employee acing on behalf of the United States from enforcing the Act against the Plaintiffs, and to take such actions as are necessary and proper to remedy their violations deriving from any such actual or attempted enforcement.

## COUNT FOUR
## DECLARATORY JUDGMENT
### (28 U.S.C. § 2201)

42.     Plaintiffs reallege, adopt, and incorporate by reference paragraphs 1 through 41 above as though fully set forth herein.

43.     There is an actual controversy relating to the legal rights and duties of the Plaintiffs with the Defendants to warrant relief under 28 U.S.C. § 2201.

44.     The damage to the Plaintiffs is a direct result of the Act and is sufficiently real and imminent to warrant the issuance of a conclusive declaratory judgment clarifying the legal relations of the parties.

WHEREFORE, Plaintiffs respectfully request that the Court:

A.     Declare the Patient Protection and Affordable Care Act to be in violation of Article I of and the Tenth Amendment to the Constitution of the United States;

B.     Declare Defendants to have violated the Plaintiffs' rights;

C.     Enjoin Defendants and any other agency or employee acting on behalf of the

United States from enforcing the Act against the Plaintiffs, and to take such actions as are necessary and proper to remedy their violations deriving from any such actual or attempted enforcement.

## CLASS ACTION ALLEGATIONS

45.    Plaintiffs bring this action as individuals and as a statewide class action pursuant to Fed. R. Civ. P. 23. Plaintiffs' petition, which alleges class-wide unconstitutional activity is particularly well suited for 23(b)(2) treatment since the common claim is susceptible to a single proof and subject to a single injunction. Plaintiffs qualify for an Injunctive and Declaratory Class Rule 23 (b)(2) on behalf of a class defined as follows:

A.    All persons in Arkansas who fall within the purview of the Act will be required to purchase health insurance;

B.    All persons in Arkansas who refuse to enter into a contract for the purchase of health insurance may be prosecuted or made to pay a monetary penalty for their inactivity; and,

C.    The class excludes all persons who, at the time this Complaint is filed, do not fall under the purview of the Act.

46.    Plaintiffs are members of the class they seek to represent.

47.    Plaintiffs' interest are similar with those of the other class members.

48.    Plaintiffs' claims are typical of the claims of the other class members.

49.    Plaintiffs will fairly and adequately protect the interest of the class.

50.    Plaintiff's counsel can adequately represent the class.

51.    Specifically, and without limitation, the following questions of law and fact are common to all class members.

52.     The claims of the representative Plaintiffs named herein are typical of the claims of the class.

53.     The Plaintiff class is so numerous that joinder of all members is impracticable.

54.     Defendants have acted on grounds generally applicable to the class, thereby making appropriate relief with respect to the class as a whole.

55.     Rule 23(b)(2) actions are not "opt-out" classes and notice is not mandatory in such cases.

56.     Plaintiffs request class certification.

57.     In the alternative, if this Honorable Court does not grant class certification the Plaintiffs respectfully request that their claims survive as an individual action.

## **CLAIMS FOR RELIEF**

58.     As a direct and proximate result of Defendants' conduct, Plaintiffs, including the Plaintiff class, are entitled to the following relief:

A.      Injunctive relief as the Court deems appropriate to declare unconstitutional and therefore eliminate the Act's individual mandate that persons enter into a private contract to purchase healthcare insurance;

B.      A declaration of Plaintiffs' rights, duties and obligations under the Act; specifically, as to whether Plaintiffs must purchase healthcare insurance or be required by the federal government to pay a monetary or criminal penalty;

C.      Reasonable attorney's fees and costs to Plaintiffs pursuant to 28 U.S.C. § 2412 or any other applicable statutory provision;

D.      Such other and further relief as this court deems appropriate; and

E.      Interest and costs of this action, including casts of notice to the class members, if

required, and all related expenses of processing class member's claims.

**WHEREFORE,** Plaintiffs respectfully request this Court to grant the relief requested in the Complaint and declare that the Act is unconstitutional.

Respectfully Submitted,

STEWART LAW FIRM
1020 West 4th Street, Suite 400
Little Rock, AR 72201
Phone: 501-687-1397

By: _____
Chris H. Stewart AR Bar No. 03222